UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**ELIZABETH A. HATFIELD,**

    Plaintiffs,

v.                                           CASE NO. 5:15-cv-2 (Bailey)
                                             **(Removed from the Circuit Court**
**MERRICK BANK,**                  **of Ohio County, Case No.**
                                             **14-C-347)**

    **Defendant.**                      Electronically Filed January 8, 2015

## NOTICE OF REMOVAL

NOW COMES the Defendant, Merrick Bank Corporation ("Merrick Bank"), by counsel Joseph T. Cramer, and Shuman, McCuskey & Slicer, PLLC, and pursuant to 28 U.S.C. 1332, 1441, and 1446, files this Notice of Removal from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, based upon diversity jurisdiction, the Defendant submits the following:

    1.     Complete diversity of citizenship exists between the parties and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). This action is removable pursuant to 28 U.S.C. § 1441.

    2.     On or about December 5, 2014, Plaintiff filed this action against the Defendant in the Circuit Court of Ohio County, West Virginia. The state court case is styled: *Elizabeth A. Hatfield v. Merrick Bank*, as case number 14-C-347 (the "state court action"). A copy of all pleadings filed in the state court action and a copy of the docket sheet in the state court action are attached as Exhibit A. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed concurrently with the Clerk of the Circuit Court for Ohio County, West Virginia and served upon all parties of record.

3.This Notice of Removal is timely filed.  Defendant received service of the Complaint and the corresponding summons through the West Virginia Secretary of State on December 15, 2014.  The removal of this action to this Court is timely because this Notice of Removal is filed within 30 days after December 15, 2014.  Merrick Bank is the only defendant in this case.  Therefore, no other parties need to consent to this removal.  Merrick Bank demonstrates its consent to this removal by the signature of counsel set forth below.

## I.DIVERSITY JURISDICTION

4.The Plaintiff is a resident of West Virginia.  Pl.'s Compl. ¶ 1.

5.Defendant, Merrick Bank, is a foreign corporation, incorporated in the State of Utah with its principal place of business in the state of Utah.  Pl.'s Compl. ¶ 3.  For purposes of diversity of citizenship, a corporation shall be deemed to be a citizen of every state in which it has been incorporated and of the state where it has its principal place of business.  *See* 42 U.S.C. § 1332.  Therefore, Defendant, Merrick Bank, is a citizen of Utah for the purposes of diversity of citizenship.

6.Venue is appropriate in this Court pursuant to 28 U.S.C. §1441.  Defendant seeks to remove this case to the Northern District of West Virginia.  The Circuit Court of Ohio County, West Virginia is located within this District and cases arising in Ohio County, West Virginia are properly assigned to the Northern District of this Court.  *See* 28 U.S.C. § 129(a).

## II.AMOUNT IN CONTROVERSY

7.The Plaintiffs= Complaint alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") (W. Va. Code §§ 46A-2-125, 127 and 128), violations of the West Virginia Computer Crime and Abuse Act (W.Va. Code § 61-3C-1 *et. seq*.) and asserts

common law claims for intentional infliction of emotional distress and invasion of privacy. *See* Pl.'s Compl., attached hereto Ex. A.

8. Plaintiff seeks recovery of an unspecified amount of actual, statutory, and punitive damages in addition to attorneys' fees and costs. (Compl. Demand for Relief).

9. Plaintiff's demand for relief is based on her allegation that Defendant placed "numerous telephone calls" to her after Defendant was notified that Plaintiff was represented by an attorney. Pl. Compl. ¶ 13.

10. In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D.W.Va.1996). When a complaint's *ad damnum* clause does not specifically state the amount in controversy, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir.2013). In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. *Landmark Corp.*, 945 F.Supp. 114 at 935. In determining if a Defendant has met its burden to establish the amount in controversy, "a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied." *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 584 (S.D.W.Va.1999); *see also Mullins v. Harry's Mobile Homes*, 861 F.Supp. 22, 24 (S.D.W.Va.1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider the type and extent of the plaintiff's injuries and the possible

3

damages recoverable therefore, including punitive damages if appropriate. *Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D.W.Va.1997) (internal citations omitted). In resolving the amount in controversy issue, a court "is not required to leave its common sense behind." Mullins, 861 F.Supp. at 24.

11. Based on the allegations of Plaintiff's Complaint, the aggregate amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, for at least four (4) distinct reasons:

(1) Plaintiff seeks civil penalties of $4,667.01 for each alleged violation of the WVCCPA.[1] Pl.'s Compl. at "Demand for Relief"; *see also McNickle v. Am. Exp. Co.*, No. 5:13CV60, 2013 WL 4040574, at *2 (N.D.W. Va. Aug. 8, 2013) ("[w]hen there is a maximum penalty dictated by statute, it is appropriate to measure the amount in controversy by the maximum penalty and not by how much the plaintiff is likely to be awarded.") While Plaintiff does not set forth the exact number of alleged violations, she claims that Defendant's violations of the WVCCPA were "repeated" and that Defendant placed "numerous" telephone calls to her. *Id*. at ¶¶ 13, 15. Plaintiff further alleges that Defendant's conduct in placing telephone calls to her was "so extreme as to exceed the bounds of decency." *Id*. at ¶ 25. Considering only the Plaintiff's WVCCPA claims, if Plaintiff prevails and is awarded the statutory maximum for each violation, it would only take seventeen (17) violations to exceed $75,000.00. *See e.g. Jones v. Capital One Bank* (USA), N.A., No. CIV. A. 609-CV-00994, 2009 WL 3335350, at *3 (S.D.W. Va. Oct. 15,

---

[1] The WVCCPA permits recovery of a statutory penalty of $100 to $1,000. W.Va. Code §46A-5-101(4). This amount may be increased to account for inflation "in an amount equal to the Consumer Price Index (CPI)" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor." W. Va. Code §46A-5-106. The CPI for September 1974 was 50.6. (U.S. Dept. of Labor Consumer Price Index, *available at* http://www.bls.gov/cpi/, last visited January 7, 2015.) The CPI for November, 2014, the last month published, was 236.151. *Id*. Adjusting the maximum violation of $1,000, for inflation based on the Department of Labor's Consumer Price Index, the current maximum penalty for a violation is approximately $4,667.01 (236.151/50.6*1000).

2009) (finding amount in controversy requirement satisfied in a case involving 15 potential WVCCPA violations in conjunction with the amount of statutory attorney fees likely to be awarded); *see also Thomas v. FIA Card Servs., Nat. Ass'n, No.* 5:14-CV-79, 2014 WL 4954389, at *5 (N.D.W. Va. Oct. 2, 2014) (finding that defendant met its burden of demonstrating the jurisdictional amount in controversy in a case involving 15 potential violations of the WVCCPA, a request for $14,548.01 in debt cancellation, and attorney fees in a case where Plaintiff did not include an individual itemization of WVCCPA violations in his Complaint.)   Plaintiff alleges that the violations started at some point after August 2, 2010, (more than four years prior to filing her complaint) and continued thereafter.   Pl.'s Compl. ¶¶ 9-13.   Therefore, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

    (2) Second, Plaintiff seeks cancelation of the debt owed to Defendant pursuant to W.Va. Code § 46A-5-101.   *Id*. at "Demand for Relief".   Plaintiff's current debt obligation is $2,615.53.   This amount is included in the amount in controversy calculation.   *See e.g. Thomas v. FIA Card Servs., Nat. Ass'n*, No. 5:14-CV-79, 2014 WL 4954389, at *4 (N.D.W. Va. Oct. 2, 2014), *citing Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir.2002).

    (3) Third, Plaintiff seeks "general damages and punitive damages" for "Defendant's past and future conduct as alleged in Count II [West Virginia Computer Crime and Abuse Act], III [Common Law Invasion of Privacy], and IV [Intentional Infliction of Emotional Distress]." *Id*. at "Demand for Relief."   Plaintiff's claims for actual and punitive damages should be included in the amount in controversy analysis.   *See e.g. Thomas*, 5:14-CV-79, 2014 WL 4954389, at *3, *citing Watterson v. GMRI, Inc.*, 14 F.Supp.2d 844, 850 (S.D.W.Va.1997)

(recognizing that in determining the amount in controversy a Court should consider *inter alia* "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.")

   (4) Fourth, Plaintiff seeks an award of attorney fees. Pl.'s Compl. at "Demand for Relief". Attorney fees are to be included in the calculation of the amount in controversy because they are specially provided for in the WVCCPA. *See e.g. Griffith v. GE Money Bank, NCO Fin. Sys., Inc.*, No. CIV. A. 5:10 CV 37, 2010 WL 2426006, at *2 (N.D.W. Va. June 11, 2010) (recognizing that where a "statute specifically creates a substantive right to recover attorney's fees, the fees may be considered in calculating the amount in controversy."), *citing Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983).

12. Plaintiff has not filed a binding stipulation which would limit her recovery to less than $75,000. *See, e.g. Shumate v. Dyncorp Int'l LLC*, Civil Action No. 5:11-980, 2012 WL 830241 at *1 (S.D. W.Va. Mar. 9, 2012) ("[w]hen properly presented by a plaintiff, stipulations may be used, in part, to limit the amount in controversy for the purpose of defeating jurisdiction in this Court"); *see also Hicks v. Herbert,* 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2000) ("because under West Virginia law Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery"); *McCoy v Erie Ins. Co.,* 147 F. Supp.2d at 485 ("[t]he better rule requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery"); *McGovern v. PPG Industries, Inc.,* Civil Action NO. 5:14-6, 2014 WL 1408077 at note 3 (N.D. W.Va. Apr. 11, 2014) ("[i]t is worth noting that [plaintiff] is largely responsible for allowing [defendant] the opportunity to remove his complaint. The United States Supreme Court permits plaintiffs to

block removal by 'suing for less than the jurisdictional amount.' [citation omitted].   Many other courts enforce a plaintiff's binding, pre-removal stipulation that he will not seek or accept an award greater than $75,000 [citing McCoy, 147 F. Supp.2d at 485].   [Plaintiff] took none of these precautions").   Because Plaintiff failed to file a binding stipulation regarding the jurisdictional amount in controversy at the time she filed her Complaint, Plaintiff cannot now argue that this civil action does not meet the jurisdictional amount requirement.

## CONCLUSION

13. Merrick Bank reserves the right to amend or supplement this Notice of Removal.

14. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by Merrick Bank.

15. If any question arises as to the propriety of the removal of this action, Defendant requests an opportunity to present a brief or additional evidence in support of its position that this case is removable.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post removal evidence in assessing removal jurisdiction may be considered by the Court).

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-styled state court action to this Court is proper.

DATED: January 08, 2015

**MERRICK BANK,**

**By Counsel**

/s/Joseph T. Cramer
Joseph T. Cramer (WV Bar #11455)
Shuman, McCuskey & Slicer, PLLC
Street: 1411 Virginia Street, East, Suite 200 [25301]

Case 5:15-cv-00002-JPB-JES   Document 1   Filed 01/08/15   Page 8 of 9   PageID #: 8

P.O. Box 3953
Charleston, WV 25339
(304) 345-1400
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**ELIZABETH A. HATFIELD,**

    Plaintiffs,

v.                                          CASE NO.
                                          (Removed from the Circuit Court
**MERRICK BANK,**                 of Ohio County, Case No.
                                          14-C-347)

    Defendant.

## CERTIFICATE OF SERVICE

I, Joseph T. Cramer, hereby certify that on January 8, 2015, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Thomas E. McIntire, Esquire
Thomas E. McIntire & Associates, LC
82 ½ Fourteenth Street
Wheeling, WV   26003
(*Counsel for Plaintiff*)

Dated this 8th day of January, 2015.

                                              /s/ Joseph T. Cramer
                                              Joseph T. Cramer (WV Bar #11455)
                                              **Shuman, McCuskey & Slicer, PLLC**
                                              1411 Virginia Street East, Suite 200
                                              Post Office Box 3953
                                              Charleston, WV   25339
                                              (304) 345-1400